**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------

**UNITED STATES OF AMERICA**

      - against -                     09 Cr. 126 (JGK)

**CURTIS HOLMES,**                   **MEMORANDUM OPINION**
                                          **AND ORDER**

          **Defendant.**
--------------------------------------

**JOHN G. KOELTL, District Judge:**

     The defendant, Curtis Holmes, has moved pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of approximately 400 photographs that were taken during a search in January 2009. The Government has produced evidence that although photographs and negatives were seized in January 2009 pursuant to a lawful search, the photographs and negatives were released to the defendant's sister, Kim Holmes, on March 28, 2011. (See Gov't Letter Exs. A, B, Dec. 20, 2012, ECF No. 71.) Because the materials that are the subject of the Rule 41(g) motion have already been returned to a representative of the defendant, the motion is **denied as moot.**

     Under Rule 41(g) of the Federal Rules of Criminal Procedure, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). However, when the Government produces evidence that the property has already been returned, the Rule 41(g) motion may be denied as moot. See Adeleke v. United States, 355 F.3d 144, 148 (2d Cir.

2004) ("[T]he United States voluntarily returned the $ 1,000 in cash seized from [the claimant], thereby rendering that part of his claim moot."); Ferreira v. United States, 354 F. Supp. 2d 406, 410 (S.D.N.Y. 2005) ("[T]he Government turned over to [the claimant] all of the tapes that he made and turned over to the Government. [The claimant's] Rule 41(g) Motion is now moot as to those materials."). The Government evidence shows that the requested photographs and negatives were returned to the defendant's sister and are no longer in the Government's possession.

Furthermore, because there is no genuine dispute of fact over whether the property has been returned, the motion can be dismissed without an evidentiary hearing. See United States v. Podlog, 108 F.3d 1370, 1370 (2d Cir. 1997) (unpublished) ("The district court must take evidence and make findings of fact where necessary to decide the [Rule 41(g)] motion, but must hold an evidentiary hearing only if any disputed material facts are necessary to the decision of the motion) (internal quotation marks and citations omitted); Sanchez-Butriago v. United States, No. 00 Civ. 8820, 2003 WL 21649431, at *6 (S.D.N.Y. July 11, 2003) (denying Rule 41(g) motion without an evidentiary hearing where the claimant only alleged "general and conclusory assertions, without evidentiary support, that the DEA allegedly seized his property."). The Government has produced evidence

that the seized photographs and negatives were returned and the defendant has introduced no evidence in dispute.

Therefore, an evidentiary hearing is unnecessary and the motion for the return of property pursuant to Rule 41(g) is **denied as moot** based on the above findings of fact and conclusions of law. The Court will send copies of the unpublished opinions cited herein to the defendant.

**SO ORDERED.**

Dated: New York, New York
January 21, 2013

                                       John G. Koeltl
                                 United States District Judge